UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. BERTRAM,

                Plaintiff,         Civil Action No. 17-13621
                                      Honorable George Caram Steeh
                                      Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [10, 11]**

Plaintiff James Bertram ("Bertram") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #10, 11), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Bertram is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #11**) be **GRANTED**, Bertram's Motion for Summary Judgment (**Doc. #10**) be **DENIED**, and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

## II.     REPORT

### A.     Background

Bertram was 56 years old at the time of his alleged onset date of November 11, 2009, and at 5'10" tall weighed approximately 240 pounds during the relevant time period. (Tr. 157, 161). He completed high school but had no further education. (Tr. 44, 162). Over the years, he worked as a heavy equipment operator in the construction industry, until he stopped working in November 2009 because the "job was done for the year" and there were "no openings" the following spring. (Tr. 44, 48, 161-62). Some five years later, he applied for DIB, alleging disability primarily as a result of right shoulder and low back pain. (Tr. 161, 185).

After Bertram's application for DIB was denied at the initial level on May 8, 2015 (Tr. 78-81), he timely requested an administrative hearing, which was held on May 19, 2016, before ALJ Richard Horowitz (Tr. 36-70). Bertram, who was represented by attorney Andrea Hamm, testified at the hearing, as did vocational expert ("VE") Joseph Thompson. (*Id.*). On August 11, 2016, the ALJ issued a written decision finding that Bertram is not disabled under the Act. (Tr. 22-32). On September 6, 2017, the Appeals Council denied review. (Tr. 1-5). Bertram timely filed for judicial review of the final decision on November 7, 2017. (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Bertram's medical record, Function and Disability Reports, and testimony as to his conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B.     The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Bertram is not disabled under the Act. At Step One, the ALJ found that Bertram did not engage in substantial gainful

activity between November 11, 2009 (the alleged onset date) and December 31, 2014 (the date last insured).  (Tr. 24).  At Step Two, the ALJ found that he has the severe impairments of obstructive sleep apnea; bilateral mild to moderate sensorineural hearing loss and tinnitus; and cervical, thoracic, and lumbar subluxations.  (*Id.*).  At Step Three, the ALJ found that Bertram's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment.  (Tr. 25).

The ALJ then assessed Bertram's residual functional capacity ("RFC"), concluding that he is capable of performing medium work, with the following additional limitations:  can frequently climb ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; can occasionally work at unprotected heights or around moving mechanical parts; can frequently work in conditions where there is concentrated exposure to dust, odors, fumes, or other pulmonary irritants; is limited to work in an environment with no more than a moderate level of noise; can frequently handle and finger with the left hand; and can occasionally reach overhead with the right arm.  (Tr. 26).

At Step Four, the ALJ found that Bertram is not capable of performing any of his past relevant work.  (Tr. 30).  At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions, that Bertram is capable of performing the jobs of laundry worker (200,000 jobs nationally), packager (300,000 jobs), and assembler (600,000 jobs).  (Tr. 31).  As a result, the ALJ concluded that Bertram is not disabled under the Act.  (*Id.*).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the

Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

    **D.**     **Analysis**

In his motion for summary judgment, Bertram argues that: (1) the ALJ erred in failing to call a medical expert to determine the "onset of disability"; (2) the case must be remanded because the ALJ did not base his RFC finding on a medical opinion; and (3) the ALJ erred in failing to include an explicit function-by-function assessment in his RFC finding. Each of these arguments is addressed below.

*1. The ALJ Was Not Required to Call a Medical Expert*

To begin with, the ALJ found, in relevant part, that Bertram suffers from the severe impairments of cervical, thoracic, and lumbar subluxations; however, he also noted that the record did not reflect a diagnosis of lumbar degenerative disc disease until September 16, 2015, well after Bertram's date last insured of December 31, 2014. (Tr. 24-25, 357). As a result, the ALJ concluded that, during the relevant period, Bertram's lumbar degenerative disc disease was not a medically determinable impairment. (Tr. 25).

In his motion, Bertram asserts that, after the ALJ issued his unfavorable decision, he "continued to review his old files and discovered record of an MRI taken in February, 1998 that shows significant orthopedic and neurological findings." (Doc. #10 at 15 (citing Tr. 7-8)). Indeed, the MRI Bertram references showed the following:

> Large central and left posterolateral disc extrusion and possible free fragment at the L5-S1 level … compressing the thecal sac and compressing and displacing the left S1 and S2 nerve roots ….
>
> Mild bilateral foraminal narrowing at L5-S1 related to facet degenerative changes. There is also minimal retrolisthesis of L5 relative to S1 which is most likely degenerative in nature.
>
> Mild broad-base disc bulge at L4-L5.

(Tr. 8). Bertram now argues, citing to Social Security Ruling ("SSR") 83-20, that "[t]he Appeals Council erred when it failed to remand this matter for further medical review after key evidence

was added to the record subsequent to the ALJ's decision."[1] (Doc. #10 at 15). The Court disagrees.

As this Court recently stated, "Social Security Ruling 83-20 applies where the ALJ determines that the claimant is disabled and the question arises as to when the disability arose." *Monville v. Comm'r of Soc. Sec.*, 2017 WL 4081854, at *3 (E.D. Mich. Sept. 15, 2017). In other words, then, SSR 83-20 – on which Bertram relies – "applies only *when there has been a finding of disability* and it is necessary to determine when the disability began." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) (emphasis added). Where there is no finding that the claimant is disabled, "no inquiry into onset date is required." *Id.* Here, as set forth above, the ALJ reviewed the evidence of record, which included documentation of Bertram's back impairment during the relevant time period, and found that Bertram was not disabled on or before December 31, 2014. (Tr. 31). Thus, because the ALJ did not find Bertram disabled prior to the date last insured, SSR 83-20 has no bearing on his case, and Bertram's argument to the contrary is without merit.

---

[1] Bertram also appears to suggest in passing that remand is warranted under sentence six of 42 U.S.C. § 405(g), asserting that, "As these records were only discovered after the issuance of the ALJ's unfavorable decision, Plaintiff requests that this new material evidence in support of his disability be considered and this Court remand the case for further investigation." (Doc. #10 at 16). As an initial matter, Bertram's one-sentence, conclusory assertion is wholly insufficient, and the argument could be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted). Moreover, even if the Court were to consider the merits of this argument, a sentence six remand to consider additional evidence is appropriate only when the evidence is new and material, and good cause is shown as to why it was not presented at the prior proceeding. *See* 42 U.S.C. § 405(g); *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984). Here, where Bertram does not even cite the criteria for such a remand – let alone argue or establish that the 1998 MRI was new and material, or that there was good cause for his failure to submit it earlier – he has not satisfied his burden of showing that a sentence six remand is appropriate. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). And, the Court notes that Bertram worked for almost a decade *after* the MRI in question was taken, which suggests he would be hard-pressed to show the MRI's materiality to his claim.

> 2. *The ALJ Did Not Need a Physician's Opinion to Formulate Bertram's RFC*

As set forth above, the ALJ found that Bertram retains the RFC to perform medium work with certain additional limitations, noting that the medical evidence showed "fairly minimal objective findings." (Tr. 26, 29). Indeed, in formulating Bertram's RFC, the ALJ noted, in relevant part, that June 2011 x-rays showed subluxations at several levels. (Tr. 28 (citing Tr. 460, 471)). The ALJ also noted, however, that Bertram repeatedly denied to his primary care physician experiencing any joint pain, despite these subluxations. (*Id.* (citing Tr. 237, 240, 243, 246, 254, 259, 261, 263, 267, 269)). And, the ALJ observed that, even after expiration of Bertram's date last insured, he continued to deny any numbness, tingling, or weakness in his legs from his back pain. (Tr. 29 (citing Tr. 342)).

Bertram now challenges the ALJ's RFC finding, arguing that the case must be remanded because "the record is devoid of any medical assessment by a physician concerning [his] RFC …." (Doc. #10 at 19). Specifically, Bertram points out that the record does not contain a consultative examination; none of his medical providers opined as to his physical RFC; and the ALJ afforded no weight to the opinion of the state agency medical consultant.[2] (*Id.* at 18-19). The problem for Bertram, however, is that his argument is legally incorrect, as the ALJ was not

---

[2] State agency physician Quan Nguyen, M.D. opined in May 2015 that the available evidence was insufficient to evaluate Bertram's DIB claim. (Tr. 73-74). In giving this opinion no weight, the ALJ noted that evidence was received after Dr. Nguyen's assessment, including x-rays of Bertram's cervical, thoracic, and lumbar spines, which showed subluxations at several levels. (Tr. 28 (citing Tr. 460, 471)). As the Commissioner points out, it was appropriate for the ALJ to weigh Dr. Nguyen's opinion based on his familiarity with all of the evidence. (Doc. #11 at 13-14 (citing 20 C.F.R. § 404.1527(c)(6)). Moreover, to the extent Bertram argues that the ALJ should have given Dr. Nguyen's opinion more weight, doing so would have been fatal to his claim: Dr. Nguyen opined that the evidence was insufficient to evaluate Bertram's DIB claim (Tr. 73-74), which, as he noted, "directs for a decision of not disabled" (Tr. 73). Thus, even if the ALJ erred in failing to adopt Dr. Nguyen's opinion, such error is harmless.

required to base the RFC upon a physician-determined one. *See Sparrow v. Comm'r of Soc. Sec.*, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016). *Sparrow* concisely summarized the issue:

> The Commissioner is tasked with establishing a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945. However, the Commissioner is not obligated to base this RFC upon a physician's RFC, or upon any particular piece of evidence. "[T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. Appx. 719, 728 (6th Cir. 2013) (quotation omitted). As in *Rudd*, the ALJ may find that the claimant can perform light work even where no doctor corroborates that assessment. *Id*. The ALJ was thus not obligated to draft an RFC assessment which comported with one drafted by a physician, and was instead entitled to create an RFC based on his evaluation of the available medical evidence.

*Id*.; *see also Williams v. Comm'r of Soc. Sec.*, 2017 WL 4541355, at *3 (6th Cir. Mar. 1, 2017) (finding that substantial evidence, which included treatment notes and claimant's daily activities but no medical opinion as to the claimant's limitations, supported an RFC for light work with additional limitations). In this case, where the ALJ considered the relevant medical evidence – including Bertram's treatment notes and statements made to his physicians – as well as his testimony, the Court finds that the ALJ acted squarely within his authority in determining Bertram's RFC. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("[T]he ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [his] residual functional capacity.") (internal quotations omitted).

> 3.  *In Formulating Bertram's RFC, the ALJ Did Not Erroneously Fail to Conduct a Function-by-Function Assessment*

Bertram also argues that the ALJ did not comply with SSR 96-8p by failing to include in

his decision a "function-by-function assessment" of the seven strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling). (Doc. #10 at 19-21 (citing SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996))). But, the Sixth Circuit has expressly rejected this very argument:

> … "Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." … "[T]he ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record."

*Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (3d Cir. Dec. 19, 2000) (internal citations omitted)); *see also Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 452 (6th Cir. 2007) (holding that the ALJ met the requirements of SSR 96-8p where the medical evidence supported an assessment of medium work capacity). Here, in concluding that Bertram is capable of performing medium work with certain postural limitations, the ALJ referenced the objective medical evidence described above. *See supra* at 8. The ALJ further satisfied the articulation requirement by noting that the RFC finding is supported by Bertram's medication usage (only over-the-counter Advil); his daily activities (preparing meals, cleaning, laundry, mowing the lawn, and grocery shopping); and his testimony that he stopped working for reasons unrelated to any medical impairment. (Tr. 29). Thus, Bertram's argument that the ALJ failed to comply with SSR 96-8p is without merit.

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #11**) be **GRANTED**, Bertram's Motion for Summary Judgment

(**Doc. #10**) be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: August 16, 2018                     s/David R. Grand
Ann Arbor, Michigan                     DAVID R. GRAND
                                                  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2018.

                                                                    s/Eddrey O. Butts

                                                  EDDREY O. BUTTS
                                                  Case Manager