UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. BERTRAM,

    Plaintiff,                                   Case No. 17-13621

v.                                             HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Doc. 12)

On August 16, 2018, Magistrate Judge David R. Grand issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Grand recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Plaintiff filed objections to the report and recommendation, to which the Commissioner has responded.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

The ALJ denied Plaintiff's claim for disability benefits, finding that he

retained the residual functional capacity ("RFC") to perform medium work. The magistrate judge recommends that the court affirm this decision.

Plaintiff makes two objections to the report and recommendation. First, Plaintiff argues that the magistrate judge erred in concluding that the ALJ could determine Plaintiff's RFC without relying on an opinion from a physician. Plaintiff does not address the legal authority cited by the magistrate judge, however, which holds that the ALJ is charged with evaluating the medical evidence to determine the RFC and "is not required to obtain a medical expert to interpret the medical evidence" related to a claimant's impairments. *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. Appx. 719, 727 (6th Cir. 2013). *See also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("[T]he ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [his] residual functional capacity.'"); *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 Fed. Appx. 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

The ALJ considered the medical evidence and Plaintiff's testimony in formulating Plaintiff's RFC, which the magistrate judge found was

supported by substantial evidence.  Plaintiff has not demonstrated that the magistrate judge erred in this regard.

Plaintiff's second objection is that the magistrate judge erred in finding that the ALJ's decision was supported by substantial evidence because the ALJ "misconstrued medical evidence and testimony" that would support a finding of disability.  Plaintiff argues that the ALJ erred in disregarding his subjective complaints and symptoms.  As the magistrate judge noted however, the ALJ's RFC was supported by the objective medical evidence, including treatment records, medication usage (only over-the-counter Advil), and Plaintiff's daily activities (preparing meals, cleaning, laundry, riding lawn mower, grocery shopping).  The ALJ credited Plaintiff's "subjective complaints to the greatest extent possible in light of the fairly minimal objective findings" and noted that Plaintiff's symptoms were "not entirely consistent with the medical evidence and other evidence in the record." Doc. 7-2 at 29-30.  Because Plaintiff did not challenge this credibility determination before the magistrate judge, he is precluded from doing so now. *See* Doc. 10; *Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1025 (E.D. Mich. 2011) ("Courts generally will not consider arguments on review that were not raised before the magistrate judge.").  Moreover, Plaintiff has not demonstrated that the magistrate judge erred in finding that

the ALJ's determination was supported by substantial evidence.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Grand's report and recommendation (Doc. 12) is ACCEPTED, Plaintiff's objections (Doc. 13) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 10) is DENIED and Defendant's motion for summary judgment (Doc. 11) is GRANTED.

Dated: November 15, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 15, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk